Michael A. Troisi (MT 2002)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone:    (516) 357-3000
Facsimile:    (516) 357-3333

*Counsel for Defendant State Farm Fire and Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GIFTY APPIAH,                                                      Docket No.: 17-160

                            Plaintiff,

            -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                            Defendant.

------------------------------------------------------------------X

## NOTICE OF REMOVAL

**TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant State Farm Fire and Casualty

Company ("State Farm"), by and through its undersigned counsel, Rivkin Radler LLP, hereby

gives notice of the removal of the above-captioned matter from the Supreme Court of the State of

New York, County of Kings, where the action is now pending, to the United States District Court

for the Eastern District of New York, and respectfully states as follows:

1.      This action ("Action") was commenced against State Farm on or about December

7, 2016, by Plaintiff Gifty Appiah ("Plaintiff") in the Supreme Court of the State of New York,

County of Kings, under Index No. 521767/2016, with the filing of a Summons and Verified

Complaint ("Complaint").   Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint.

2.      Exhibit "A" constitutes all of the process, pleadings, and/or orders that have been filed in the Action to date.

3.      This Notice of Removal is being filed within thirty (30) days of service of the Summons and Complaint upon State Farm and, therefore, is timely filed pursuant to 28 U.S.C. §§ 1441, 1446(b).

4.      Removal of this action is proper because this is a civil action in which Plaintiff seeks monetary relief in excess of $75,000.00 against State Farm and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiff and Defendant.

5.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this Action is pending in Kings County, which is within the Eastern District of New York.

## I.
## Nature of the Case

6.      This Action is of a civil nature in which Plaintiff seeks monetary relief against State Farm in connection with State Farm's handling of a claim submitted by plaintiff under a homeowner's insurance policy.

7.      Plaintiff alleges that her property and its contents sustained water damage due to a "covered peril." See Compl. at ¶ 12.  Plaintiff alleges that the loss and damage did not occur from an excepted cause or exclusion under her insurance policy. Id. at ¶ 13.  Plaintiff also alleges that Defendant failed to fully compensate her for the loss sustained to her property. See id. at 17.  Plaintiff alleges that she satisfied all the conditions precedent under the policy. Id. at ¶ 16.  Plaintiff also alleges that State Farm failed to pay the Plaintiff the full extent of her losses

and, therefore, State Farm has breached its duty of good faith and fair dealing and has acted in bad faith. Id. at ¶¶ 16, 19. Plaintiff also alleges that State Farm's failure to indemnify Plaintiff constitutes a breach of contract. Id. at ¶ 18.

8.      In connection with the foregoing allegations, among others, Plaintiff alleges two causes of action:  (i) breach of contract; and (ii) breach of the implied covenant of good faith and fair dealing. Plaintiff seeks to recover damages in excess of $150,000.00. Id. at ¶ 17.

## II.
## The Requirements for Removal Are Satisfied

9.      The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

### A.      Diversity of Citizenship

10.     At the time this lawsuit was filed and as of the date of this notice, Plaintiff was and is a citizen of the State of New York because she resides in Kings County, New York. See 28 U.S.C. § 1332(c)(1); Compl. at ¶ 1.

11.     At the time this lawsuit was filed and as of the date of this notice, State Farm was and is a citizen of the State of Illinois, because it is an Illinois corporation, with its principal place of business in Illinois. See 28 U.S.C. § 1332(c)(1); Compl. at ¶ 3.

12.     Accordingly, there is complete diversity between the parties. See 28 U.S.C. § 1332(a)(1).

### B.      Amount in Controversy

13.     Plaintiff's Complaint seeks damages in excess of $150,000.00. See Compl. at ¶17. Accordingly, Plaintiff's Complaint satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) and, thus, removal of this Action is proper.

## III.
## The Other Procedural Requisites for Removal are Satisfied

14.     Removal is timely under 28 U.S.C. § 1446(b) because the Complaint is the first pleading, motion, order or other paper from which it could first be ascertained that this action is one which is or has become removable.  Plaintiff served the Complaint on the New York State Department of Financial Services (as agent for State Farm) on or about December 14, 2016.  See Ex. "A."  This Notice of Removal is filed within thirty (30) days of service of a copy of the Complaint on State Farm's agent.  Pursuant to 28 U.S.C. § 1446(a) and local Civil Rule 81.1, the Complaint is annexed hereto as Exhibit "A."

15.     State Farm will give written notice to Plaintiff (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

16.     A copy of this Notice of Removal and a Notice of Filing will be filed by State Farm with the Clerk of the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. § 1446(d).  State Farm has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## IV.
## Conclusion

17.     For all the foregoing reasons, State Farm respectfully requests that this Court assume full jurisdiction over this Action as provided by law.  State Farm intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings.

Dated: Uniondale, New York
       January 11, 2017

                                Respectfully submitted,
                                RIVKIN RADLER LLP


By:   /s/ *Michael A. Troisi*
            Michael A. Troisi
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone:    (516) 357-3000
Facsimile:    (516) 357-3333

*Attorneys for Defendant STATE FARM FIRE AND CASUALTY COMPANY*

3580857 v1