# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
GIFTY APPIAH,                                                       Index No.:
                                                                    Date of Filing:
                              Plaintiff,
                                                                    **SUMMONS**
        - against -
                                                                    The basis of venue designated is
STATE FARM FIRE AND CASUALTY,
COMPANY,                                                            Plaintiff residence
                              Defendant.                            240 East 18th Street, Apt # 5E
                                                                    Brooklyn, New York 11226
------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(S):

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   December 6, 2016
         Queens, New York

                                                      Yours, etc.,

                                                      THOMAS V. INCANTALUPO, ESQ.
                                                      MITCHELL & INCANTALUPO
                                                      Attorneys for Plaintiff
                                                      98-20 Metropolitan Avenue
                                                      Forest Hills, New York 11375
                                                      718-997-1000

Defendant's Address

One State Farm Plaza
Bloomington, IL 61710

2031 Doubleday Ave
Ballston Spa, NY 12020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
GIFTY APPIAH,                                              Index No.:

                     Plaintiff,

   -against-                                              VERIFIED COMPLAINT


STATE FARM FIRE AND CASUALTY COMPANY,

                     Defendant.
------------------------------------------------------------------X

      Plaintiff, GIFTY APPIAH., by her attorneys, MITCHELL & INCANTALUPO, ESQS., as and for its Complaint, allege upon information and belief as follows:

    1.    At all times hereinafter mentioned, Plaintiff, GIFTY APPIAH was and still is a resident of the City and State of New York, County of Kings.

    2.    At all times hereinafter mentioned, Defendant STATE FARM FIRE AND CASUALTY COMPANY ('Defendant') is a foreign corporation incorporated and existing under the laws of the State of Illinois with a principal place of business at 2031Doubleday Ave, Ballston Spa, New York 12020.

    3    At all times hereinafter mentioned, Defendant STATE FARM FIRE AND CASUALTY COMPANY ('Defendant') is a foreign corporation duly licensed to issue casualty insurance policies in the State of New York and maintains a principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.

    4.    At all times hereinafter mentioned, Defendant was and still is a foreign business corporation regularly conducting business within the State of New York.

1

5. At all times hereinafter mentioned, Defendant is subject to the jurisdiction of this Court.

6. At all times hereinafter mentioned, Defendant was authorized by the New York State Superintendent of Insurance to issue policies of insurance within the State of New York, including a police of insurance to the above named Plaintiff.

7. At all times hereinafter mentioned, Plaintiff was the owner of premises 109 South Avenue, Staten Island, New York 10303 (hereinafter referred to as "the subject premises") and the property and premises therein.

8. At all times hereinafter mentioned, Plaintiff maintained an insurable interest in the subject premises and property.

9. Prior to January 30, 2015, for good and valuable consideration, Defendant issued to Plaintiff a policy bearing no.: 65-BE-N799-1, with effective dates of coverage from September 25, 2014 through September 25, 2015 (hereinafter referred to as "the Policy"), which Policy insured the subject premises and property against all risks of loss including direct physical loss and consequential damage resulting from water damage.

10. Plaintiff paid all premiums for the subject policy in full.

11. By selling Policy No. 65-BE-N799-1 and collecting substantial premiums, Defendant assumed a duty of good faith and fair dealing towards Plaintiff.

12. On or about January 30, 2015, while the aforementioned policy was in full force and effect, the subject premises and the property maintained therein were extensively damaged as the result of a covered peril resulting from water damage.

13. The aforesaid loss and damage to Plaintiff's premises did not occur from any cause or causes excepted or excluded under the terms of the policy.

14. Subsequent to January 30, 2015, Plaintiff submitted a claim to Defendant and has sought to be indemnified for the damages sustained to the subject premises and property as a result of the loss.

15. In the handling of the claim submitted by Plaintiff, Defendant has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects, among others:

(a) By failing to objectively and thoroughly investigate Plaintiff's claim;

(b) By failing to pay to Plaintiff the actual cash value of the loss suffered by Plaintiff as result of the covered peril.

(c) By improperly interpreting its policy to fit the loss into an exclusion that is not applicable to the facts of the claim;

(d) By willfully, recklessly and/or intentionally delaying the adjustment of the claim, and failing to indemnify Plaintiff with monies contractually due to them under the Policy in a timely manner;

(e) By unreasonably delaying the adjustment of Plaintiff's' claim;

(f) By forcing and compelling Plaintiff to use their own monies to pay for the repairs to the subject premises and property that were plainly covered under the Policy;

(g) By failing to investigate the totality of the circumstances surrounding the Plaintiff's claim, so that an objective and well-reasoned decision could be reached in a timely and reasonable manner; and

(h) By willfully and in bad faith ignoring the clear language of the policy provisions and the factual circumstances so as to fail to adjust and settle Plaintiff's claims in a timely and just manner.

16.  Notwithstanding the fact that the January 30, 2015 loss to the subject premises and property was caused by a covered peril, and despite the fact that Plaintiff have complied with all conditions precedent to coverage under the terms and conditions of the Policy Defendant has failed and refused to indemnify Plaintiff for the damages sustained to the subject premises and property by virtue of the loss, despite the fact that same has been duly demanded.

17.  Plaintiff premises sustained covered damages in the sum of $226, 035.52. Plaintiff submitted all required proofs and documents. Defendant has paid to date the sum of $66,497. 42. Plaintiff is entitled to payment of the remaining policy benefits in the sum $159,538.10 together with interest from February 24, 2015 consequential damages in an amount to be determined at the trial of this action.

18.  Defendant's failure to indemnify Plaintiff for the damages sustained to the subject premises and property as a result of the January 30, 2015 loss constitutes a breach of contract.

19.  As a result of Defendant's breach of contract, Plaintiff have sustained compensatory damages.

19.  In addition to these compensatory damages, Plaintiff have incurred, and continue to incur, consequential damages as a direct result of Defendant's breach of the implied covenant of good faith and fair dealing.

20.  The aforementioned consequential damages were reasonably foreseeable by Defendant at the time its Policy was issued to Plaintiff.

21. As a result of Defendant's breach of contract, Plaintiff have been damaged in the sum of at least $159,538.10, together with consequential damages in an amount to be determined at the trial of this action.

22. As a result of Defendant's breach of contract, Plaintiff have had to retain attorneys and incur the cost of paying attorney fees.

23. Before filing this action, Plaintiff complied with all of the requirements of the aforedescribed insurance Policy/Certificate.

24. Plaintiff have duly performed and complied with all of the conditions of the Policy requiring performance on their part, except insofar as the same may have been waived by the Defendant, its agents, servants and employees.

WHEREFORE, Plaintiff demand judgment against Defendant for breach of contract/breach of the implied covenant of good faith and fair dealing in the sum of at least $159,538.10, together with consequential damages in an amount to be determined at the trial of this action, with interest thereon from February 24, 2015, together with the costs and disbursements of this action, including reasonable attorney fees.

Date: Queens, New York
      December 6, 2016

Yours, etc.,

BY: _____
THOMAS V. INCANTALUPO, ESQ.
MITCHELL & INCANTALUPO, ESQS.
Attorneys for Plaintiff
98-20 Metropolitan Avenue
Forest Hills, New York 11375
Tel: 718-997-1000; Fax: 718-575-1600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
GIFTY APPIAH,

                           Plaintiff,

   -against-

STATE FARM FIRE AND CASUALTY
COMPANY,

                         Defendant.
---------------------------------------------------------------X

Index No.:

**INDIVIDUAL VERIFICATION**

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF QUEENS    )

     I, GIFTY APPIAH, the undersigned, being duly sworn, depose and say:  I am the plaintiff in the within action; I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.  The grounds of my belief as to all matters not stated upon my own knowledge are the file maintained by my attorneys.

                                                                           _____
                                                                                  GIFTY APPIAH

Sworn to before me this
6th day of December, 2016

_____
Notary Public

     THOMAS V. INCANTALUPO
NOTARY PUBLIC-STATE OF NEW YORK
         No. 02IN4664926
   Qualified in Queens County
My Commission Expires February 28, 20_19_

SUPREME COURT
STATE OF NEW YORK, COUNTY OF KINGS          Index No.          Year

GIFTY APPIAH,

       Plaintiff,

-against-

STATE FARM FIRE AND CASUALTY COMPANY,

       Defendant.

---

SUMMONS AND VERIFIED COMPLAINT

---

LAW OFFICES
**MITCHELL & INCANTALUPO**

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*

98-20 METROPOLITAN AVENUE
FOREST HILLS, NEW YORK 11375
TEL (718) 997-1000
FAX (718) 575-1600

---

To

Signature (Rule 130-1.1-a)

Print name beneath
THOMAS V. INCANTALUPO, ESQ.

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

---

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                of which the within is a true copy
will be presented for settlement to the HON.                                 one of the judges of the
within named Court, at
on                             at                     M.

Dated,

                                                           Yours, etc.

                                                          LAW OFFICES
                                          **MITCHELL & INCANTALUPO**